### SAMUEL WHITE *vs.* JOHN GRAVES.

The judgment in this case is correct, and the objection urged as to excess of damages, does not apply to actions of replevin brought under the statute, Hutch. Code, 818.

In error from the circuit court of Hancock county; Hon. W. P. Harris, judge.

The facts appear in the opinion of the court.

*D. W. Hurst*, for plaintiff in error.

*French & Seal*, for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of replevin in the circuit court of Hancock county, by the defendant against the plaintiff in error.

The defendant below pleads in abatement of the affidavit made by the plaintiff under the statute, previous to suing out the writ of replevin, on the ground that the affidavit did not

show that the plaintiff's right of action had accrued within one year. Issue was taken upon this plea. The affidavit concludes thus : " and that the said Graves's right of action to recover the same from said White, has accrued within one year." The objection taken by the counsel for the plaintiff in error, is that the right of action as against White, may have accrued within the year against White, but more than a year against the person from whom White claims. We do not think this position tenable. If, as insisted by counsel, White derived his title from a person against whom the plaintiff could not sustain the action, then this would be a good defence to the defendant on the trial.

Another objection urged by the counsel is, that the damages laid in the declaration are at only $1,000, and the judgment is for $1,100. The declaration in replevin is for the specific property sued for, and for damages sustained by reason of its detention. The jury found the issue for the plaintiff, and assessed the value of the slave in controversy at $800. The judgment is, that the defendant and his sureties deliver to the plaintiff the slave, or on failure thereof, then to pay the value, to wit, $800. This value represents the slave which was the subject matter of the suit. The damages recovered in this action, are for the wrongful taking and detention of the property ; these damages were assessed by the jury at $300. It will be seen upon examining the statute, Hutch. Code, 818, that the judgment is correct; and the objection urged by counsel, which is correct as a general rule, when applied to other actions, is not sustainable as to the action of replevin under the statute. The judgment must, therefore, be affirmed.

Judgment affirmed, with damages on the sum of $300; damages in the court below; judgment against the sureties in the writ of error bond for the damages below, and in this court; judgment against the defendants in error, as to other matters.